UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
**LAFAYETTE/OPELOUSAS DIVISION**

| | | |
|---|---|---|
| NELLIE MIGUES, individually and on behalf of others similarly situated | * * * | CIVIL ACTION NO.:_____ |
| VERSUS | * * | MAGISTRATE: |
| WE CARE HOMES, INCORPORATED, And KYLE JONES | * * | JUDGE: |

*************************************************************************

## COMPLAINT – COLLECTIVE ACTION

Plaintiff Nellie Migues, individually and on behalf of all other similarly situated current and former employees of Defendants, brings this Collective Action against Defendants, We Care Homes, Incorporated, and Kyle Jones, and alleges as follows:

### I.   OVERVIEW

1. Plaintiff brings claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* to recover unpaid overtime compensation under §16(b) of the FLSA. She brings these claims as a collective action on behalf of herself and all current or former home healthcare workers employed by Defendants during the last three (3) years, who were not paid overtime for all hours worked in excess of forty (40) hours a week as required by § 207(a) of the FLSA (hereinafter referred to as "Collective Members").

### II.   PARTIES

2. Plaintiff, Nellie Migues, is domiciled in Lafayette Parish, State of Louisiana, and has been employed by Defendants from approximately September 2018 through the present as a home healthcare worker who provides companionship services. Plaintiff's hours varied from week to week but she regularly worked more than forty (40) hours a week.

3.      For instance, during the workweek of June 7, 2019, Plaintiff worked forty six (46) hours.  She was paid straight time for all hours worked but was denied an overtime premium for the six (6) hours she worked over forty (40) during that workweek.

4.      For the work period of June 16, 2019 to June 29, 2019, Plaintiff was paid straight time for one hundred twenty-nine (129) hours of work.  Plaintiff was not paid an overtime premium for the hours worked in excess of forty (40) during each workweek.

5.      Plaintiff has consented to filing the instant action. (Exhibit "A").

6.      Defendant We Care Homes, Incorporated (hereinafter referred to as "We Care") is a Louisiana corporation with its principal place of business located at 2900 Moss Street, Ste. E & F, Lafayette, Louisiana 70501, and may be served through its registered agent, Kyle Jones, at the same address.

7.      Defendant We Care employed Plaintiff and participated directly in employment decisions regarding the Plaintiff's rights for which she seeks redress in this case.

8.      Defendant Kyle Jones (hereinafter referred to as "Jones") is a major individual domiciled at 104 Upperline Avenue, Lafayette, Louisiana 70501.

9.      Defendant Jones employed Plaintiff and participated directly in employment decisions regarding the Plaintiff's rights for which she seeks redress in this case.

10.     Defendant Jones has been actively involved in managing the operations of We Care.

11.     During the relevant collective period, Defendant Jones had control over We Care's pay policies and the unlawful policies and practices alleged herein.

12.     Defendant Jones had authority over personnel and payroll decisions at We Care.

13.     Defendant Jones had the authority to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

14. Defendant Jones had the authority to enter into contracts on behalf of We Care.

15. The precise size and the identity of the Collective should be ascertainable from the business records, payroll and/or employee or personnel records of Defendants.

### III.   VENUE

16. Venue is proper in this District as Defendants conducted business in the Western District, Lafayette Division, and as a substantial part of the events giving rise the claims occurred in this Parish.

17. Furthermore, Defendants' principal office is located in Lafayette Parish.

### IV.   COLLECTIVE ACTION DEFINITION

18. The Collective of similarly situated employees sought to be certified under 29 U.S.C. §216(b) as a collective action is defined as:

> All current and former home healthcare workers employed by We Care Homes, Incorporated and/or Kyle Jones, who were not paid overtime wages for all hours worked over forty (40) in a workweek within the last three (3) years.

### V.   COVERAGE UNDER THE FLSA

19. At all times hereinafter mentioned, Defendants are and have been an employer within the meaning of 29 U.S.C. §203(d).

20. At all times hereinafter mentioned, Defendants are and have been an enterprise within the meaning of 29 U.S.C. §203(r).

21. At all pertinent times, Defendants have been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1).

22. Defendants have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

23. At all times hereinafter mentioned, Plaintiff, and all those similarly situated, were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

## VI.   FACTS

24. Plaintiff and the Collective Members were employed by Defendants as home health care workers who provided companionship services for the elderly, ill or disabled.

25. Plaintiff's hours varied from week to week during her employment with Defendant, but she regularly worked more than forty (40) hours in a workweek.

26. Upon information and belief, the Collective Members were also regularly scheduled to and did work more than forty (40) hours in a workweek.

27. Defendants paid straight time for all hours worked, did not include travel time between clients' homes as work time, and failed to pay an overtime premium for all hours worked over forty (40) in a workweek.

28. Neither Plaintiff nor the Collective Members were compensated in accordance with the FLSA because they were not pay overtime wages for all hours worked, including travel time, in excess of forty (40) hours in a workweek for all weeks worked.

29. Plaintiff is aware of other current and former employees of Defendants who were subject to the same payroll practice.

30. Pursuant to the FLSA, 29 U.S.C. §207, employers are generally required to pay overtime compensation at an hourly rate of 150% of an employee's regular rate of pay for hours worked over forty (40) in a workweek.

31. Defendants have violated, and are violating, the provisions of Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying its home healthcare workers, like Plaintiff and the Collective Members, overtime.

32. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the Collective Members overtime compensation for all hours worked over forty (40) by failing to pay in the past three (3) years.

### VII. COLLECTIVE ACTION ALLEGATIONS

33. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

34. Defendants' practice and policy of not paying overtime affects Plaintiff and the Collective Members and is a willful violation of the FLSA.

35. The Collective Members are victims of Defendants' unlawful compensation practices and are similarly situated to Plaintiff in terms of job duties, pay and employment practices.

36. Defendants' failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal circumstances of any individual employee. Thus, Plaintiff and the Collective Members are similarly situated employees.

37. The specific job titles or precise job requirements of the Collective Members does not prevent collective treatment.  All employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek at the overtime rate. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

### VIII. JOINT EMPLOYER ALLEGATIONS

38. At all times pertinent hereto, specifically including the Collective period, Defendant, Jones, was an owner, manager and/or executive officer of We Care.

39. Defendant Jones exercised supervisory and managerial responsibilities and substantial control over the terms and conditions of Plaintiff and the Collective Members' work including, but not limited to, assigning work, hiring and firing employees.

40. Further, Defendant Jones is or was solely and jointly responsible for the administration of the business affairs of We Care and exercised complete control over the work situation and conditions of its employees.

41. Defendant Jones is jointly and solely responsible for the payroll practices of We Care including, but not limited to, the payroll practices complained of herein.

42. Defendant Jones was vested with authority to, and actually acted directly or indirectly for, and had operational control over We Care's business activities including managerial responsibilities for all aspects of operations and its employees.

43. Accordingly, Defendant Jones is an "employer" under the FLSA and, as such, is jointly and severally liable for damages for his failure to comply with the FLSA including all damages claimed herein.

### RELIEF SOUGHT

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment in her favor and against Defendants as follows:

1. For an Order recognizing this proceeding as a collective action under §216(b) of the FLSA and ordering notice to the Collective Members at the earliest opportunity to ensure Collective Members' claims are not lost to the FLSA statute of limitations;

2. For an Order finding Defendants liable for unpaid back wages due to Plaintiff and the Collective Members and for liquidated damages equal in amount to the unpaid compensation;

3. For an award of costs of this action as provided under the FLSA;

4. For an award of attorneys' fees as provided under the FLSA;

5. For an award of pre- and post-judgment interest; and

6. For any and all other and further relief as may be necessary and appropriate.

### JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully Submitted:

By: /s/ Philip Bohrer
Philip Bohrer (Bar Roll No. 14089)
phil@bohrerbrady.com
Scott E. Brady (Bar Roll No. 24976)
scott@bohrerbrady.com
BOHRER BRADY, LLC
8712 Jefferson Highway, Suite B
Baton Rouge, Louisiana 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000